```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

GLENN R. WILLIAMS,              *

    Plaintiff,                  *

vs.                             *       CASE NO. 3:12-cv-31 (CDL)

DAVIS TRANSFER CO., INC.,       *

    Defendant.                  *

O R D E R

Plaintiff Glenn Williams ("Williams") claims that his former employer, Defendant Davis Transfer Company, Inc. ("Davis Transfer"), interfered with his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and terminated his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  Davis Transfer seeks dismissal of Williams's ADA claims, contending that Williams did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  For the reasons set forth below, the Court agrees and therefore grants Davis Transfer's Partial Motion to Dismiss the First Amended Complaint (ECF No. 14).[1]

---

[1] Davis Transfer also filed a motion to dismiss Williams's original Complaint (ECF No. 5).  In response to that motion, Williams filed his Amended Complaint (ECF No. 8).  Given that Williams amended his Complaint to address the issues raised in Davis Transfer's original motion to dismiss, the Court concludes that the motion to dismiss the original Complaint (ECF No. 5) is now moot.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

FACTUAL ALLEGATIONS

The following allegations are relevant to the pending partial motion to dismiss. Williams alleges that he had a

disability, that he was qualified to perform the essential functions of his position, and that Davis Transfer terminated his employment because of his disability on April 21, 2009. Am. Compl. ¶¶ 59, 61, 65, ECF No. 8. Williams also asserts that "[o]n or before June 8, 2009," he "complied with the prerequisite/administrative requirement that he file a charge of discrimination with the [EEOC] regarding his ADA claims." *Id.* ¶ 11. Williams further alleges that though his attorney requested a copy of the EEOC's file on Williams's charge of discrimination and the EEOC's investigation of that charge, the EEOC "has . . . been unable to locate the file." *Id.* ¶ 11 n.1. Finally, Williams alleges that "[o]n or before October 27, 2009, [he] . . . filed a perfected Charge of Discrimination with the EEOC regarding his ADA claims." *Id.* ¶ 12.

Williams attached to his Amended Complaint a copy of the EEOC charge he made on October 27, 2009. Am. Compl. Attach. 1, Charge of Discrimination, ECF No. 8-1 [hereinafter EEOC Charge]. That charge was stamped as received by the EEOC on October 27, 2009. *Id.* The charge states: "This is a perfected charge. My initial information was timely filed with the EEOC on June 8, 2009." *Id.* Williams did not attach to the Amended Complaint the document he allegedly filed with the EEOC on June 8, 2009. He made no additional allegations regarding the "initial information" filed on June 8, 2009.

DISCUSSION

Before bringing an action under the ADA, a plaintiff must file a charge of discrimination with the EEOC, and that charge must be filed within 180 days of the challenged employment action.  42 U.S.C. § 12117(a) (incorporating Title VII's exhaustion requirement, 42 U.S.C. § 2000e-5(e)(1)).  In this action, the challenged employment action occurred on April 21, 2009.  Therefore, it is undisputed that Williams was required to file a charge of discrimination regarding his ADA claim with the EEOC on or before October 19, 2009.  The question for the Court is whether Williams has adequately alleged that he filed a charge of discrimination with the EEOC on or before October 19, 2009.

Williams contends that it is sufficient that he alleged that he filed a "charge of discrimination" on or before June 8, 2009.  Am. Compl. ¶ 11.  Williams also points the Court to his formal charge of discrimination, which was stamped as received by the EEOC on October 27, 2009.  EEOC Charge.  In his Charge of Discrimination, Williams stated that he filed "initial information"—not a charge of discrimination—on June 8, 2009.  *Id.*  There is a conflict between the exhibit, which states that Williams filed "initial information" on June 8, 2009, and Williams's conclusory allegation in the Amended Complaint that he filed a "charge of discrimination" on June 8, 2009.  Where

4

such a conflict exists, the exhibit controls. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (per curiam). Therefore, Williams has alleged that he filed "initial information" with the EEOC on June 8, 2009.

The next question is whether the "initial information" can be considered a charge of discrimination. To be considered a "charge of discrimination" that satisfies the ADA's administrative exhaustion requirement, a document must be in writing, signed and verified. 29 C.F.R. § 1601.9. The document must also indicate to an objectively reasonable reader that the employee is asking "to activate the 'machinery and remedial processes' of the EEOC." *EEOC v. Summer Classics, Inc.*, 471 F. App'x 868, 872 (11th Cir. 2012) (per curiam) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)).

There are no specific allegations in the Amended Complaint regarding the "initial information," and the "initial information" is not attached to the Amended Complaint. There is no allegation that the "initial information" was signed and verified, no allegation regarding the contents of the "initial information," and no allegation that it requested EEOC action and appropriate relief on Williams's behalf. For these reasons, the Court cannot conclude that Williams has adequately alleged a basis for the Court to construe the "initial information" he provided to the EEOC as a charge of discrimination.

The only remaining allegations regarding a charge of discrimination relate to the October 27, 2009 charge. That charge of discrimination was received by the EEOC 189 days after the challenged employment action and was therefore untimely. Accordingly, Williams's ADA claims are barred.

## CONCLUSION

As discussed above, Davis Transfer's Partial Motion to Dismiss the First Amended Complaint (ECF No. 14) is granted. Williams's ADA claim is dismissed because Williams did not sufficiently allege that he filed a timely charge of discrimination regarding his ADA claims with the EEOC. Williams's FMLA claim remains pending.

IT IS SO ORDERED, this 13th day of September, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE